IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DARNELL, DANIEL T. LEWIS, SAMANTHA ZUKOWSKI, CHARLES TRAYAL, and LIBERTARIAN PARTY OF TENNESSEE<br>Plaintiffs,<br><br>v.<br><br>TRE HARGETT, in his official capacity as Secretary of State for the State of Tennessee, and MARK GOINS, in his official capacity as Coordinator of Elections for the State of Tennessee,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. |

## COMPLAINT

COME NOW the Plaintiffs, and for their cause of action against the Defendants, allege and state as follows, to-wit:

I.

Plaintiff CHRISTOPHER DARNELL is a citizen of the United States, a registered voter in Sullivan County, State of Tennessee, Vice Chair of the Libertarian Party of Tennessee, a member of the judicial committee for the Libertarian Party of Tennessee, a potential candidate for elective office in the election to be held in the General Election on November 5, 2024, and desires to support and vote for himself and other Libertarian Party candidates on the aforesaid Tennessee ballot on November 5, 2024.

Plaintiff DANIEL T. LEWIS is a citizen of the United States, a registered voter in Davidson County, State of Tennessee, Secretary of the Libertarian Party of Tennessee, Chair of the Libertarian Party of Tennessee ballot access committee, a member of the judicial committee for the Libertarian Party of Tennessee, a potential candidate for elective office in the election to

be held in the General Election on November 5, 2024, and desires to support and vote for himself and other Libertarian Party candidates on the aforesaid Tennessee ballot on November 5, 2024.

Plaintiff SAMANTHA ZUKOWSKI is a citizen of the United States, a registered voter in Sullivan County, State of Tennessee, a member of the Libertarian Patty of Tennessee, Chair of the Appalachian Region Libertarian Party of Tennessee--which comprises three Tennessee counties, and desires to support and vote for Libertarian candidates in the November 5, 2024, Tennessee General Election.

Plaintiff CHARLES TRAYAL is a citizen of the United States, a registered voter in Shelby County, State of Tennessee, a member of the Libertarian Party of Tennessee, the former Chair for the Shelby County Libertarian Party, and desires to support and vote for Libertarian candidates in the November 5, 2024, Tennessee General Election.

Plaintiff LIBERTARIAN PARTY OF TENNESSEE is a non-recognized political party under the laws of the State of Tennessee that does not advocate the overthrow of local, state, or national government by force or violence, and is not affiliated with any organization which does advocate such a policy. The Libertarian Party of Tennessee has provisions for nominating candidates for office in Tennessee other than by primary election.

II.

Defendant TRE HARGETT is the Secretary of State for the State of Tennessee (hereinafter referred to as "Secretary of State"). In his official capacity, the Secretary of State is the Chief Officer of the Tennessee Department of State, and as such, is charged with administering the duties imposed upon the Secretary of State by law including administratively overseeing the State Election Commission, appointing the Coordinator of Elections to serve as the Chief Administrative Election Officer for the State of Tennessee for the purpose of generally

2

supervising all Tennessee elections, advising all election employees of the State as to the proper method of performing their duties, authoritatively interpreting the election laws for all persons administrating them, and such other functions as are necessary for the conducting of elections in the State of Tennessee and the recognition of new political parties, all pursuant to Tenn. Code Ann.§§ 4-3-2101, 4-3-2103, 8-3-104, 2-11-201, and 2-11-202. The Secretary of State has his office in the Capitol Office, Tennessee State Capitol Building, Nashville, Tennessee, 37243-1102, and may be served with process at that location.

Defendant MARK GOINS is the Coordinator of Elections for the State of Tennessee (hereinafter referred to as "Coordinator of Elections"). In his official capacity, the Coordinator of Elections is the Chief Election Officer for the State of Tennessee pursuant to Tenn. Code Ann. § 2-11-201(b), is appointed by and serves at the pleasure of the Secretary of State pursuant to Tenn. Code Ann.§ 2-ll-201(a), makes rules and regulations as necessary to carry out the provisions of the Tennessee Election Code subject to the concurrence of the Secretary of State, pursuant to Tenn. Code Ann. § 2-11-201(c), and, as Chief Election Officer for the State of Tennessee, is charged with the duties of overseeing the election laws of Tennessee and the recognition of new political parties pursuant to Tenn. Code Ann. §§ 2-1-104(a)(14), 2-1-104(a)(23), 2-1-104(a)(30), 2-1-114, 2-'11-202(a), and 2-13-107(a)(2), 2-13-107(e)(2), and 2-13-201(1). The Coordinator of Elections has his office in the Tennessee Department of State, Division of Elections, 312 Rosa L. Parks Avenue North, 7th Floor, Snodgrass Tower, Nashville, Tennessee, 37243-1102, and may be served with process at that location.

III.

This is an action for declaratory and injunctive relief. The jurisdiction of this Court is invoked pursuant to Title 28, United States Code,§§ 1343(3), 1343(4), 2201, and 2202, and Title

3

42, United States Code, § 1983. Venue of this Court is invoked pursuant to Title 28, United States Code, § 391. The rights, privileges, and immunities sought to be declared and redressed are those secured by the First and Fourteenth Amendments to the United States Constitution.

IV.

This proceeding seeks a judgment declaring Tenn. Code Ann., §§ 2-1-104(a)(14), 2-1-104(a)(23), 2-1-104(a)(30)(which set the requirements for the recognition of a statewide and minor political party, respectively), 2-1-114(which concerns requisites for political parties), 2-5-208(d)(1)(which concerns general election ballots and the listing of political party and independent candidates on the ballot), 2-13-107(a)(2)(which sets the petition deadline for recognition of a minor political party as twelve o'clock (12:00) noon, prevailing time, 90 days before a general election), 2-13-107(e)(2)(which requires minor parties which have failed to comply with 2-1-114 by September 1 after the primary elections are held to have its candidates placed on the general election ballot as Independent candidates), and 2-13-201(a)(which restricts a candidates listing on the ballot as a candidate of a recognized statewide or minor party), as applied herein to the Plaintiffs for the 2024 Tennessee General Election to be held on November 5, 2024, and all subsequent General Elections in the State of Tennessee and the facts and circumstances relating thereto, unconstitutional in that they violate in their application to the Plaintiffs herein for the 2024 Tennessee General Election for President, and all subsequent Tennessee General Elections, the First and Fourteenth Amendments to the United States Constitution and Title 42, United States Code, § 1983. This proceeding also seeks an injunction, both temporary and permanent, against the Defendants, Secretary of State and Coordinator of Elections, and their agents and employees, in prohibiting the Defendants, Secretary of State and Coordinator of Elections, from following and enforcing the provisions of Tenn. Code Ann., §§ 2-

4

1-104(a)(14), 2-1-104(a)(23), 2-1-104(a)(30), 2-1-114, 2-5-208(d)(l), 2-13-107(a)(2), 2-13-107(e)(2), and 2-13-201(1), as applied to the Plaintiffs herein for the 2024 General Election for President to be held on November 5, 2024, as set pursuant to Tenn Code Ann.§§ 2-15-101, 2-3-203, 2-13-107(a)(2), 2-13-107(6), and 2-13-107(e)(2) (which authorize the holding of, timing of, and qualifying petition for general elections), so as to serve to prevent the listing on the Tennessee ballot of individual candidates as Libertarian candidates.

V.

Tenn. Code Ann.,§ 2-l-104(a)(14) defines a political party as an organization which nominates candidates for public office, while Tenn. Code Ann., § 2-1-104(a)(23) taken in conjunction with Tenn. Code Ann.,§§ 2-l-104(a)(30), 2-1-114, 2-5-208(d)(l), 2-13-107(a)(2), 2-13-107(e)(2), and 2-13-20 I(a), require a new statewide political party or minor political party in order to be recognized to run candidates on a general election ballot in the State of Tennessee to petition successfully by presenting a petition with at least 2.5 percent of the total number of votes cast for all gubernatorial candidates in the most recent gubernatorial election as shown by petition to establish a political party filed with the Coordinator of Elections and signed by Tennessee registered voters. At present it would be virtually impossible to meet the petition deadline for minor political parties of 90 days before the general election, pursuant to Tenn. Code Ann.,§ 2-13-107(a)(2), when the general election will be set according to law and because of the unnecessarily high petitioning requirement of a rather stringent 2.5 percent, coupled with the petition deadline requirement of 90 days before the general election (which is to be held next on November 5, 2024). Currently the supporters of the non-recognized minor political party herein (Libertarian) are unable to marshal its resources in such a manner as to conduct a successful petition drive in Tennessee so as to meet the aforesaid petition signature deadline and required

5

number of signatures for political party candidates. In fact, it has now been 55 years since a new political party was recognized by the State of Tennessee by way of petition for a regular general election. Thus, the Libertarian Party's candidates may be forced to petition as Independents and will be placed and labeled on the general election ballot as Independent candidates rather than their true identification as Libertarians--which would provide accurate rather than inaccurate candidate political identification to Tennessee voters.

VI.

The Tennessee ballot access laws for new political parties in the State of Tennessee complained of herein, as applied to the non-recognized Plaintiff political party herein and its supporters and candidate for the general election on November 5, 2024, set an unconstitutional burden because achieving statewide political party status by filing the petitions required under Tenn. Code Ann.,§§ 2-1-104(a)(23), and 2-13-107(a)(2) in time for a general election sets an unconstitutionally early deadline, unnecessarily high number of petition signatures, and limited time for petitioning so as to force a non-recognized political party candidate in a general election to use the lesser petition signature requirement of 25 signatures required for Independent candidates or 275 signatures for a presidential candidate.

VII.

The aforesaid early and discriminatory petition signature deadline in Tennessee for new political parties for a general election, coupled with the high signature requirement, forces a new political party to seek recognition before the nominees of the recognized political parties are known or the issues are formed for the election campaign. Because of the aforesaid discriminations, the unnecessarily early deadline, and the unconstitutional infringement upon political association, Tennessee's early new political party petition deadline and unnecessarily

6

stringent signature requirement effectively eliminates the ability of unrecognized political parties to gain political party recognition in the State of Tennessee for general elections--unless they wish to run candidates as Independents, deprives their supporters of the ability of voting for them by political association with the party of their choice, and transforms the petitioning process from a way to obtain recognition for new political parties to an arbitrary, discriminatory, and unnecessarily severe means of preserving the status quo of a two-party system in Tennessee as to general elections. Tennessee's early aforesaid political party petition deadline and unnecessarily high Petition signature requirement places an undue, unreasonable, and unjustified burden on new political parties and their supporters for general elections and deprives the voting public of the knowledge of the proper political identification of the minor party candidate. The Defendants lack any compelling interest in the aforesaid early and vague petition deadline or the unnecessarily high petition signature requirements in Tennessee as it applies to new political parties and their supporters seeking recognition in Tennessee for their candidate in a general election.

VIII.

The individual Plaintiffs and the Plaintiff Libertarian Party of Tennessee, its supporters and candidates, wish to have its candidates recognized as Libertarians on the Tennessee ballot in the general election on November 5, 2024, but have failed in efforts in the past to comply with the laws of the State of Tennessee for the recognition of new political parties and could not comply-other than as Independent candidates-for the general election in question.

IX.

In Tennessee for the 2024 General Election for Governor, the General Election will be held on November 5, 2024. The Democratic and Republican nominees will be chosen in a

primary election on August 1, 2024, from among various candidates. The winner of the Democratic and Republican primaries on August 1, 2024, will face Independent and/or minor party candidates in the General Election on November 5, 2024. At present, Libertarian candidates qualified for the General Election ballot by way of Petition will be listed on the ballot as Independent candidates rather than Libertarian candidates, barring injunctive relief from this Court.

X.

The aforesaid unnecessarily restrictive and discriminatory party labeling law for the aforesaid General Election, combined with the unduly burdensome, arbitrary, and discriminatory signature and petition deadline requirements for new political parties seeking recognition under the laws of the State of Tennessee not only discriminates against unrecognized political parties seeking ballot access in Tennessee in a General election, but serves no compelling state interest which justifies the aforesaid discriminatory treatment. On info1mation and belief, Plaintiffs assert that absent intervention by this Court, the Plaintiff Libertarian Party of Tennessee herein, its supporters, and its candidates will not be able to obtain ballot access with the candidates listed as Libertarian candidates rather than Independent candidates in the State of Tennessee's general election on November 5, 2024, or subsequent Tennessee general elections.

XI.

Defendants, Secretary of State and Coordinator of Elections, and their agents and employees have and will exercise their authority under color of State law in enforcing the aforesaid State laws listed in rhetorical paragraph IV above, as applied to the Plaintiffs herein for the 2024 Tennessee general election on November 5, 2024, and all subsequent Tennessee general elections, and the facts and circumstances relating thereto, in such a manner as to be in an

unlawful, discriminatory, vague, capricious, and arbitrary manner, in violation of the First and Fourteenth Amendments to the United States Constitution, and Title 42, United States Code, § 1983.

WHEREFORE, Plaintiffs demand judgment:

1. Declaring that Tenn. Code Ann., Election Code §§ 2-1-104(a)(l4), 2-1-104(a)(23), 2-1-104(a)(30), 2-1-114, 2-5-208(d)(l), 2-13-107(a)(2), 2-13-107(e)(2), and 2-13-201(1), as applied to the Plaintiffs herein for the 2024 Tennessee General Election on November 5, 2024, and all subsequent Tennessee General Elections, and the facts and circumstances relating thereto, are illegal and unconstitutional, in that they are violative of the rights of the Plaintiffs under the First and Fourteenth Amendments to the United States Constitution, and Title 42, U.S.C. § 1983, in that the aforesaid statutes are not framed in the least restrictive manner necessary to achieve the legitimate State interests in regulating ballot access, ballot fom1at and labeling, and new political party formation, particularly as relating to the early petition signature deadline as applied to a non-recognized political party candidate in a general election, unnecessarily high petition signature number required, and, therefore, the petition signature filing deadline and signature number are unconstitutional, discriminatory, and unnecessarily early, stringent, unnecessarily high, and severe as applied to an unrecognized political party, its supporters and potential voters-who wish to cast their votes effectively, and its candidates, who will have ballot status for the general election, but who will not be listed on the general election ballot as Libertarian candidates, but only as Independent candidates. The foregoing laws, if not enjoined, will result in voters having less infom1ation about Libertarian candidates who will be labeled as Independents on the Tennessee ballot.

9

2. Entering preliminary and permanent injunctions restraining, prohibiting, and enjoining the Defendants, the Secretary of State and Coordinator of Elections, their agents and employees, and all persons in active conceli and participation with them, from enforcing, applying, or implementing the aforesaid complained of State Election laws as to the unnecessary, vague, and discriminatory early filing deadline, unnecessarily high, petition signature number required, and listing of a candidate for a general Election office as an Independent rather than Libertarian candidate, as applied to the instant Plaintiffs for the November 5, 2024, general election, and all subsequent Tennessee general elections, and the facts and circumstances relating thereto.

3. Awarding Plaintiffs' reasonable costs and expenses of this action, including attorney's fees pursuant to the Civil Rights Attorney's Fees and Awards Act of 1976, 42 U.S.C. § 1988; and

4. Granting Plaintiffs such other and further relief as to which they may be entitled and which the Court may deem equitable and just.

Dated this 1st day of December, 2023.

CHRISTOPHER DARNELL, DANIEL T. LEWIS, SAMANTHA ZUKOWSKI, CHARLES TRAYAL, and LIBERTARIAN PARTY OF TENNESSEE, et al., Plaintiffs

/s/ James C. Linger
James C. Linger, OBA #5441
1710 South Boston Avenue
Tulsa, Oklahoma 74119-4810
(918) 585-2797 Telephone
(918) 583-8283 Facsimile
Email: bostonbarristers@tulsacoxmail.com

/s/ Jove Allred
Jove Allred, TN BPR #018935
188 Front Street, Box 116-203
Franklin, TN 37064
(629) 256-8424 Telephone
Email: joveallred@gmail.com
*Counsel for Plaintiffs*